**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

KEVIN KOHUTE,

Plaintiff,

v.

TJC PRINCIPAL OFFICE,

Defendant.

Case No. 3:26-CV-00495-MMD-CLB

**ORDER TO FILE COMPLETE APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND PROPER COMPLAINT**

Plaintiff Kevin Kohute ("Kohute") initiated this action with an application to proceed *in forma pauperis* and two letters requesting various court documents. (ECF Nos. 1, 1-1.) The Court will first address Kohute's application to proceed *in forma pauperis*.

**I.    DISCUSSION**

**1.    *In Forma Pauperis* Application**

Kohute is an inmate in the custody of the Smith County Jail located in Tyler, TX. (ECF No. 1-1.) Kohute properly submitted an application to proceed *in forma pauperis* ("IFP") for an inmate, but failed to include a financial certificate or an inmate account statement for the previous six-month period. Kohute's application is therefore incomplete and must be denied with leave to refile.

Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, an inmate seeking to initiate a civil action may apply to proceed IFP to avoid prepaying the full $405 filing fee. To apply for IFP status, the inmate must submit all three of the following documents to the Court:

(1) a completed **Application to Proceed IFP for Inmate** on this Court's approved form (*i.e.* pages one through three with the inmate's two signatures on page three);

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (*i.e.* page four of this Court's approved form); and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

Here, Kohute properly submitted an application to proceed IFP for an inmate but did not include a financial certificate or a copy of his trust found account. Kohute's application is therefore incomplete and must be denied. The Court will grant Kohute a **one-time extension** to file a fully complete application containing all three of the documents identified above on or before **Friday, July 31, 2026**. The Court will not grant any additional extensions absent extraordinary circumstances.

If Kohute fails to comply with this order the Court will recommend this case be dismissed without prejudice. A dismissal without prejudice means Kohute may refile his case under a new case number once he is able to submit a completed application to proceed IFP or pay the full $405 filing fee.

### 2. Letters

Attached to Kohute's IFP application are two letters requesting the Clerk send him a § 1983 civil rights form complaint, a civil cover sheet, and a § 2241 habeas petition. It is unclear whether Kohute is requesting these documents because he ultimately intends to file a complaint with this Court. The few details he provides in his letters indicate he wants to sue the Tyler Junior College Campus Police or one of their officers. (*See* ECF No. 1-1 at 1.) If that is the case, Kohute is advised the United States District Court for the District of Nevada does not have jurisdiction to hear his case. To properly file suit Kohute must contact the United States District Court for the Eastern District of Texas — the district in which Tyler, TX lies — to obtain the proper forms.

If, however, the Court has misread Kohute's letters, and Kohute does in fact intend to pursue litigation in this Court, he must complete and return the proper forms, which the Court will send him. Kohute must clearly identify who he is suing, what his claims against them are, and provide sufficient factual detail to demonstrate he is plausibly entitled to relief. Furthermore, to the extent Kohute intends to submit a habeas petition, he must do so separately under a different case number and include with it a completed application to proceed IFP as discussed above. In other words, Kohute may not pursue both a § 1983 claim and a § 2241 habeas petition under the same case number. If Kohute wishes to

pursue litigation in this case, he must file a completed *pro se* civil rights complaint on or before **Friday, July 31, 2026**. If he fails to do so the Court will recommend this case be dismissed without prejudice.

## II.      CONCLUSION

**IT IS THEREFORE ORDERED** that Kohute's application to proceed IFP, (ECF No. 1), is **DENIED WITH LEAVE TO REFILE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **SEND** Kohute:

(1) the approved form application to proceed IFP;

(2) a § 1983 *pro se* civil rights complaint form;

(3) a civil cover sheet; and

(4) a § 2241 habeas corpus petition packet.

**IT IS FURTHER ORDERED** that Kohute shall have until **Friday, July 31, 2026**, to file a completed application to proceed IFP including:

(1) a completed **Application to Proceed IFP for Inmate** on this Court's approved form (*i.e.* pages one through three with the inmate's two signatures on page three);

(2) a **Financial Certificate** properly signed by both the inmate and a prison or jail official (*i.e.* page four of this Court's approved form); and

(3) a copy of the **inmate's prison or jail trust fund account statement for the previous six-month period**.

**IT IS FURTHER ORDERED** that Kohute shall have until **Friday, July 31, 2026**, to file a properly filled out § 1983 complaint to the extent he intends to pursue litigation in this Court.

**IT IS FURTHER ORDERED** that if Kohute fails to comply with this order the Court will recommends this case be dismissed without prejudice.

**DATED**: __July 1, 2026__.

_____
**UNITED STATES MAGISTRATE JUDGE**

3